# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PIERRE RICHARD AUGUSTIN, | ) |
| Plaintiff, | ) |
| vs. | ) Misc. No. 08-326 |
| NEW CENTURY TRS HOLDING, INC. and NEW CENTURY LIQUIDATING TRUST, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

On November 17, 2008, the Clerk of Court for the Western District of Pennsylvania received a motion for in forma pauperis status filed by plaintiff Pierre Richard Augustin ("plaintiff" or "Augustin") to waive the costs associated with issuing subpoenas and to have the United States Marshals Service serve the subpoenas. As required when considering any pleadings filed by a pro se litigant, the court shall liberally construe plaintiff's motion. Erickson v. Pardus,127 S. Ct. 2197, 2200 (2007). The court will grant plaintiff's motion to proceed in forma pauperis for the sole purpose of considering his request to waive the costs, but will deny the relief plaintiff seeks.

I.  Motion to Proceed In Forma Pauperis

Augustin requests this court grant him in forma pauperis status and order the United States Marshal to serve a subpoena duces tecum free-of-charge to him. He argues that the cost of issuing the subpoena would be an undue burden on him.

A party is entitled to proceed in forma pauperis if the party in good faith files an affidavit

stating, inter alia, that he is unable to pay the costs of the lawsuit. Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); 28 U.S.C. § 1915(a). In Lockhart v. D'Urco, 408 F.2d 354 (3d Cir. 1969), the Court of Appeals for the Third Circuit stated:

> [W]e think that, particularly in pro se cases, the right to proceed in forma pauperis should generally be granted where the required affidavit of poverty is filed. This approach minimizes, to some extent, disparity in treatment based on economic circumstances. An attack on the truth of such affidavit or the sufficiency of the complaint should be left for appropriate disposition after service has been made on the defendants.

Id. at 355. An affidavit is defined as a "voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths, such as a notary public." BLACK'S LAW DICTIONARY 62 (8th ed. 2004). Although Augustin submitted a notarized affidavit stating that "I have read the foregoing Motion filed herein and knowing the contents thereof are true of my own personal knowledge except as to those allegations based on information and belief which I believe to be true," he has not submitted an affidavit explicitly stating his assets or stating that he is unable to pay the costs of the lawsuit. It is unclear whether the affidavit or any other one of the papers Augustin submitted to the court should be technically deemed an affidavit of poverty. The court notes, however, that Augustin is proceeding pro se, and submitted financial information that he moves the court to file under seal. The court grants his motion to seal these papers. Based upon his financial information and other submissions, the court will grant Augustin's motion to proceed in forma pauperis, for the purpose of resolving this motion.

II.     Costs of Serving Subpoenas Duces Tecum

The Supreme Court has asserted that "expenditure of public funds [on behalf of an indigent

litigant] is proper only when authorized by Congress." United States v. McCollom, 436 U.S. 317, 321 (1976). The requested financial relief Augustin seeks, therefore, must only be granted if it is authorized by federal law.

28 U.S.C. § 1915 provides that a federal court may authorize the commencement and prosecution of a civil lawsuit "without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The statute does not define what constitutes "fees" within the meaning of its provisions.

In Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), the plaintiff argued on appeal to the Court of Appeals for the Third Circuit that in light of his in forma pauperis status, the district court erred in denying his motion to obtain free copies of transcripts of depositions. The Court of Appeals for the Third Circuit disagreed, stating that "[t]here is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." Id. at 159.

In McAleese v. Owens, No. 88-1669, 1991 WL 329930 (W.D. Pa. Dec. 5, 1991), the plaintiff, who was proceeding in forma pauperis, filed with the Clerk of Court for the Western District of Pennsylvania a subpoena form bearing the seal and signature of the United States District Court for the Eastern District of Pennsylvania. The plaintiff also filed a Process Receipt and Return form used by the United States Marshals Service. The plaintiff submitted the forms with the intent that the Marshal would serve a witness with a subpoena duces tecum. The plaintiff was silent, however, with respect to how he proposed to pay for the discovery.

The court in McAleese analyzed the language of 28 U.S.C. § 1915(c) requiring that officers of the court "issue and serve all process, and perform all duties in such cases," and determined that language did not mean that an in forma pauperis plaintiff's discovery costs are to be underwritten or waived. The court noted that Rule 17(b) of the Federal Rules of Criminal Procedure specifically provided for the service of subpoenas without cost to indigent criminal defendants, but that there is no parallel provision for indigent parties in civil actions. The court held that without authorization in section 1915 or another statute, it would not direct the United States Marshal to serve the witness and advance the plaintiff's fees and costs. The court noted:

> Even if Plaintiff only seeks to have the witness turn over the requested [documents], and does not command his appearance at a formal deposition, the question of fees and costs remains. The Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum. That the court may order a discovering party to pay the reasonable costs of a non-party's compliance with a subpoena duces tecum finds support among said Rules. [1]

Id. at *5 (internal citations omitted). The Court of Appeals for the Eighth Circuit reached a consistent holding in a similar situation. See United States Marshals Service v. Means, 724 F.2d 642 (8th Cir. 1983) (reversing a court order that the Marshal serve subpoenas and pay minimum fees and costs for the subpoenaed witnesses to appear because 28 U.S.C. § 1915 does not authorize that kind of order, but further holding such an order would be proper based on other statutory authority not relevant to the McAleese plaintiff's or Augustin's situation.).

Augustin's request for financial relief and for the Marshal to serve the subpoena is similar

---

[1] Federal Rule of Civil Procedure 45 governs discovery-related subpoenas. It is unclear whether the McAleese case was decided prior to the 1991 amendments to Rule 45. Nevertheless, the 1991 amendments were intended to codify existing practice, and not change the existing law. 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2463 at 476 (3d ed. 2008).

to that made by the plaintiff in McAleese. The McAleese plaintiff's request was denied, even though the plaintiff was proceeding in forma pauperis, because the plaintiff failed to point to statutory authority supporting that kind of court order. Here, Augustin failed to point to any statutory authority. Augustin in essence is requesting that the court grant him in forma pauperis status to pay for the necessary expenses of his civil suit. As observed in Tabron, 28 U.S.C. § 1915 does not authorize payment of litigation expenses, and no other federal law authorizes courts to order the payment of federal monies for the necessary expenses of a civil suit brought by an indigent litigant. Augustin is not entitled to payment for the requested costs.

III.  The Court's Equitable Powers

Although the court declines to grant Augustin in forma pauperis status, the court recognizes there are equitable powers over discovery matters. Tabron, 6 F.3d at 159. A court's inherent equitable power has been held to extend to the issuance of orders to subpoena witnesses for indigent civil litigants who cannot tender fees. See Lloyd v. McKendree, 749 F.2d 705, 706-07 (11th Cir. 1985); Estep v. United States, 251 F.2d 579, 582 (5th Cir. 1958). Even though a request for equitable action was not directly raised in Augustin's motion, Augustin explains that he is an outsider to the legal system and notes the wealth of assets available to defendants. He also mentions various principles and quotations supporting the notions of fairness and justice. Liberally construing Augustin's motion, the court will consider the appropriateness of exercising those equitable powers in this situation.

The court believes that it is not the appropriate court to exercise powers in equity; rather the court where the underlying action was filed should determine whether the defendants must pay for

5

the expenses in issue. See Tabron, 6 F.3d at 159; see, e.g., Haymes v. Smith, 73 F.R.D. 572, 575 (W.D.N.Y. 1976) (district court, in exercising discretionary powers over discovery, ordered defendant to advance plaintiff's travel expenses because plaintiff had to depose defendant in a different district from that in which the action was brought). This court does not exercise jurisdiction over the underlying litigation, and the United States Bankruptcy Court for the District of Delaware is in a better position to address these issues. That court has jurisdiction over the underlying litigation and the defendants. Under these circumstances, the court declines to exercise discretion over discovery matters.

Dated:  November 25, 2008

By the court:

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge

cc: Pierre Richard Augustin
3941 Persimmon Drive, # 102
Fairfax, VA 22031